## DAVIS, et al. v HUGHES, et al.

### Case No. 82-218-CA-10

Nineteenth Judicial Circuit, St. Lucie County

January 16, 1990

### APPEARANCES OF COUNSEL

Clinton W. Lanier, Esquire, for plaintiffs.

Brad Culverhouse, Esquire, for defendant, Clarence Lee Hughes.

### OPINION OF THE COURT

RUPERT JASEN SMITH, Circuit Judge.

### ORDER GRANTING JUDGMENT DEBTOR'S MOTION FOR PAYMENT OF JUDGMENT IN INSTALLMENTS AND ORDERING REINSTATEMENT OF DRIVER'S LICENSE AND MOTOR VEHICLE REGISTRATION

THIS CAUSE came on for hearing before the court on the movant's motion pursuant to *Fla. Stat.* § 324.141(1) and (2) (1987) for payment

of judgment in installments and for reinstatement of driver's license and motor vehicle registration and the court having examined the motion and having received evidence, and having heard the argument of counsel, finds the facts to be as follows:

## FACTS

The defendant, Clarence Lee Hughes, a resident of St. Lucie County, Florida, was involved in a motor vehicle accident in St. Lucie County, Florida, with the plaintiffs, Willie Clarence Davis and Beulah Davis, his wife. On April 8, 1983, the plaintiff, Willie Clarence Davis obtained a default judgment against the defendant for damages for past lost wages, future lost wages, past and future pain and suffering and past and future medical bills and for loss of enjoyment of life in the amount of $153,000.00; and the plaintiff, Beulah Davis, obtained a default judgment for her loss of consortium claim for $37,500.00, and the plaintiff Standard Guaranty Insurance Company obtained a subrogation judgment for $8,500.00. The defendant's driver's license was suspended under *Fla. Stat.* § 314.121(1) since the defendant was in violation of the financial responsibility requirements of Chapter 314 of the Florida Statutes. The defendant some six (6) years after his license was suspended brought the instant motion. The defendant presented a financial affidavit to the court on the form approved by the Florida Supreme Court in Form 1.975. Based upon the financial affidavit and the testimony of the defendant/judgment debtor this court has been able to determine the amount of the judgment debtor's disposable income that is available to make weekly payments to the judgment creditors. The movant grosses $350.00 per week and has monthly disposable income after payment of all of his living expenses of $200.00.

And the court being otherwise fully advised in the premises, it is thereupon

ORDERED AND ADJUDGED, as follows:

(1) That the motion of Clarence Lee Hughes for payment of judgments in installments and for reinstatement of driver's license and registration brought pursuant to *Fla. Stat.* §§ 324.141(1) and (2) (1987), is granted. *Fla. Stat.* §§ 324.141(1) and (2) (1987), provide that:

"(1) A judgment debtor upon due notice to the judgment creditor may apply to the court in which such judgment was rendered for the privilege of paying such judgment in installments and the court, in its discretion and without prejudice to any other legal remedies which the judgment credit may have, may so order and fix the amounts and times of payment of the installments.

154

(2) The department shall not suspend a license, registration or a nonresident's operating privilege, and shall restore any license, registration or nonresident's operating privilege suspended following nonpayment of a judgment, when the judgment debtor gives proof of financial responsibility and obtains such an order permitting the payment of such judgments in installments, and while the payments of any said installment is not in default."

(2) Clarence Lee Hughes is ordered to pay $190.00 per month to Willie Clarence Davis and Beulah Davis, c/o Moss, Henderson & Lloyd, P.A., Trust Account, Account No: 4158.51, Post Office Box 3406, Vero Beach, Florida 32964-3406, and payments of $10.00 per month to Standard Guaranty Insurance Company, Subrogation Collections, 3290 Northside Parkway, N.W., Atlanta, Georgia 30327-0000. In view of the amounts of the judgments and the interest accusing at 12% per annum, these will not be meaningful payments. However, based upon the amount of the defendant/judgment debtor's disposable income, it is the most that he can pay.

(3) Pursuant to *Fla. Stat.* § 324.141(2), the Florida Department of Public Safety and the Division of Driver's Licenses are ordered to reinstate the driver's license and motor vehicle registration of Clarence Lee Hughes upon the judgment debtor presenting a certified copy of this order and proof that Clarence Lee Hughes has obtained the requisite insurance to comply with the financial responsibility requirements of Chapter 324 for his future operation of a motor vehicle after his driver's license and registration are reinstated.

DONE AND ORDERED on this 16th day of January, 1990, at Ft. Pierce, St. Lucie County, Florida.